UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TIMOTHY Q. BLAIR,

    Petitioner,

v.                                                    Case No. 2:07-CV-10244

JAN E. TROMBLEY,

    Respondent,
_____/

**OPINION AND ORDER SETTING DEADLINE FOR PETITIONER TO FILE BRIEF IN SUPPORT OF THE PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254, claiming that he is being held in violation of the U.S. Constitution. In his application for writ of habeas corpus, Petitioner raises three grounds for relief:

    I. Petitioner was denied the effective assistance of counsel where trial counsel failed to present the complete alibi defense.

    II. Under the circumstances of the case, the presentation of rebuttal testimony allowed to the prosecution to improperly divide the evidence between its case in chief and rebuttal.

    III. The prosecution's closing arguments improperly denigrated and attacked defense counsel, and trial counsel's failure to object amounts to ineffective assistance of counsel that denied Petitioner a fair trial.

    Petitioner has raised these claims in a § 2254 form petition. Petitioner, however, has submitted no facts in support of these claims. Instead, in the section of the petition where it asks Petitioner to supply facts in support of each claim, Petitioner advises the Court to "see Attachment C". In Attachment C, Petitioner merely reiterates his claims

1

without supplying any facts or arguments in support of the claims.

The petition for writ of habeas corpus is subject to dismissal, because Petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution. In order for a claim in a habeas petition to be sufficient, it must describe a substantial infringement of a constitutional right and include a factual statement which, if true, would entitle the petitioner to relief. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Id.* "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996) (citations omitted). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254).

In the present case, in *lieu* of dismissing the petition outright, the court will give Petitioner thirty days from the date of this order to furnish a brief or memorandum of law which would contain factual allegations in support of the petition for writ of habeas corpus. Because Petitioner is proceeding *pro se*, the court would be willing to treat Petitioner's brief or memorandum of law as incorporated into his original petition. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, in the absence of such a brief or memorandum of law, the current habeas petition is facially insufficient and would therefore be subject to dismissal. Petitioner will therefore be granted thirty days to furnish the court with a brief or memorandum of law in support of his petition for writ of

habeas corpus.  Accordingly,

IT IS ORDERED that Petitioner shall submit a brief or memorandum in support of the petition for writ of habeas corpus **within thirty (30) days** of the Court's order.

IT IS FURTHER ORDERED that the failure to submit a brief or memorandum of law to the Court within thirty (30) days of the Court's order will result in the dismissal of the current petition.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 23, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522