# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

TIMOTHY QUINN PLAIR,

    Petitioner,

v.                                                     Case No. 07-CV-10244

JAN E. TROMBLEY,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Timothy Quinn Plair, presently incarcerated at the Huron Valley Men's Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for assault with intent to commit murder,[1] and felony-firearm.[2] For the reasons stated below, the court will deny the petition for writ of habeas corpus.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Ivory Lee claimed that he was shot six times by Petitioner in his home in Detroit, Michigan at about 6:30 p.m. on November 1, 2003. Lee testified that he and Petitioner had been lovers.

---

[1] Mich. Comp. Laws § 750.83.

[2] Mich. Comp. Laws § 750.227b.

1

Petitioner denied knowing or associating with the victim. Petitioner also called as a defense witness Cedric Clinkscales, who denied that he, the victim, a man named Maurice Wincher and Petitioner had gone together into an auto parts store on a prior occasion. Petitioner also presented two alibi witnesses, Patricia Woods and Austin Woods, Sr., who testified that Petitioner was at Woods's home on the day and evening of the shooting and never left the house. The prosecutor called Maurice Wincher as a rebuttal witness. Wincher testified that he had seen Petitioner and the victim together on several occasions.

Following Petitioner's conviction, a *Ginther*[3] hearing was conducted on Petitioner's claim that counsel had been ineffective for failing to call additional alibi witnesses. After hearing testimony from the witnesses, the trial court denied Petitioner's claim. Petitioner's conviction was affirmed on appeal. *People v. Plair,* No. 257517 (Mich.Ct.App. February 21, 2006); *lv to appeal den* 721 N.W. 2d 225 (Mich. 2006).

In his application for writ of habeas corpus, Petitioner raises three arguments:

I. The Appellant was denied the effective assistance of counsel where trial counsel failed to present the complete defense of alibi.

II. Under the circumstances of the case, the presentation of rebuttal testimony allowed the prosecution to improperly divide the evidence between its case in chief and rebuttal.

III. The prosecution's closing arguments improperly denigrated and attacked defense counsel, and trial counsel's failure to object thereto amounts to ineffective assistance of counsel-thereby denying the appellant a fair trial.

## II. STANDARD

---

[3] *People v. Ginther,* 212 N.W. 2d 922 (Mich. 1973).

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>   (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. DISCUSSION

#### A. Ineffective Assistance

Petitioner first claims that trial counsel was ineffective for failing to call two additional alibi witnesses, Antoine Woods and Austin Woods, Jr. , as witnesses. The Michigan Court of Appeals rejected Petitioner's claim:

> At the *Ginther* hearing, defense counsel explained that he decided not to call the Woods brothers as a matter of trial strategy. Contrary to what defendant

3

argues, counsel's failure to call the Woods brothers did not deprive defendant of a substantial alibi defense. Defense counsel presented that defense through the testimony of Patricia Woods and Austin Woods, Sr., both of whom testified that defendant was at the Woods' residence on the day of the shooting and never left the house. Defense counsel explained why he believed these witnesses would be more credible, and their testimony more reliable because both were on the home's main floor from where they could see the only exit routes. Defense counsel chose not to call the younger Woods brothers because he believed they would not present well to a jury and was concerned about the potential for greater conflicting testimony. The trial court had the opportunity to observe the Woods brothers testify at the *Ginther* hearing and found that they were not very credible. In particular, the trial court found that Antoine did not present himself well on the stand. A trial court properly may evaluate credibility when deciding a motion for a new trial, and deference should be accorded its opinion.

Additionally, the testimony at the *Ginther* hearing demonstrated that defense counsel's concern about the potential for greater conflicting testimony was well-founded. Antoine testified that the boys were in the basement the entire day, and Austin, Sr., and Patricia testified at trial that only Patricia left the house that evening, whereas Austin, Jr., testified that he left around 8:45 p.m. Austin, Sr., also testified at trial that he cooked dinner that night, as he usually did when he visited, but Austin, Jr., testified that they always ate out, that the house never had any groceries, and that the boys did not eat the entire day because they had no money. Patricia Woods testified at trial that they went to the police station to offer defendant's mother moral support, whereas Antoine testified that Patricia told him that they might go down to the station to make a statement. Defendant has not overcome the presumption that defense counsel's decision not to call the Woods brothers was a matter of sound trial strategy. Defendant was not denied the effective assistance of counsel. "

*Plair,* Slip. Op. at * 2 (internal citations omitted).[4]

---

[4]Although Respondent has provided the transcripts from the *Ginther* hearing (*See* Dkt. ## 12-8, 12-9), she has not provided the court with a copy of the trial court's written opinion and order denying Petitioner's ineffective assistance of counsel claim. However, on habeas review, a district court need not examine the trial records if two conditions are satisfied: (1) the state court opinions summarize the trial testimony or relevant facts; and (2) the petitioner does not quarrel with that summary and instead contends only that the trier of fact should have reached a different conclusion. *See Clark v. Waller,* 490 F. 3d 551, 556 (6th Cir. 2007) *cert. den.* 128 S. Ct. 630 (2007). Because the Michigan Court of Appeals summarized the trial court's findings of fact and

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id.* at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim if the state court's rejection of the claim was a reasonable application of *Strickland*. *See Welch v. Burke,* 49 F. Supp. 2d 992, 1010 (E.D. Mich. 1999).

The Michigan Court of Appeals' adjudication of Petitioner's claim was not an unreasonable application of clearly established federal law. Under *Strickland*, a court must presume that decisions by counsel as to whether to call or question witnesses are matters of trial strategy. *See Hutchison v. Bell*, 303 F. 3d 720, 749 (6th Cir. 2002). In the present case, Petitioner's counsel testified at the *Ginther* hearing that he decided

---

Petitioner does not challenge the trial court's factual findings, but only their legal significance, it is unnecessary for the court to review the trial court's opinion.

not to call the Woods brothers as alibi witnesses because he believed that they would not present themselves well to the jury and was concerned about the possibility that their testimony would conflict with the testimony of their parents, who were called as alibi witnesses at Petitioner's trial. Petitioner's counsel was not ineffective in failing to call the Woods brothers as alibi witnesses, where counsel was aware of these witnesses and knew exactly what each would testify to and how credible each brother was a witness, thus leading to the presumption that counsel's decision to omit their testimony was trial strategy. *See Cathron v. Jones,* 77 Fed. App'x 835, 841-42 (6th Cir. 2003).

Moreover, as the Michigan Court of Appeals noted in its decision, the trial court observed the Woods brothers testify at the *Ginther* hearing and did not find their testimony to be very credible. The trial court, in particular, found that Antoine Woods did not present himself well on the stand. Federal courts must give state court factual determinations a presumption of correctness that can be overcome only by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). In this case, there is no clear and convincing evidence to reject the trial court's credibility finding regarding Petitioner's proposed alibi witnesses. *See e.g. Fargo v. Phillips,* 58 Fed. App'x 603, 607 (6th Cir. 2003). The trial court's findings are reasonable in light of the fact that the Woods brothers' proposed testimony conflicted on a number of points with the alibi witnesses who were called by counsel at Petitioner's trial.

Finally, because Petitioner's alibi defense was presented through other witnesses and Petitioner has failed to show that the testimony of the Woods brothers would have enhanced his alibi defense, the Michigan Court of Appeals' rejection of

6

Petitioner's ineffective assistance of counsel claim was not unreasonable. *See Chegwidden v. Kapture,* 92 Fed. App'x. 309, 311 (6th Cir. 2004).

## B. Rebuttal Witness

Petitioner next contends that the trial court erred in permitting Maurice Wincher to testify as a rebuttal witness, rather than in the case-in-chief for the prosecution. Petitioner further claims that counsel was ineffective for failing to object to Wincher's testimony.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000). Petitioner's claim that Wincher's testimony was inappropriate rebuttal testimony is not cognizable on federal habeas review, because it involves a violation of state evidentiary rules. *Slack v. Cason,* 258 F. Supp. 2d 727, 733 (E.D. Mich. 2003). Moreover, the Michigan Court of Appeals concluded that it was proper under Michigan law to present Wincher as a rebuttal witness, because his testimony "directly responded to and contradicted defendant's evidence," namely, Petitioner's contention that he had did not know or associate with the victim. *Plair,* Slip. Op. at * 2-3. In light of the "wide latitude" given to states with regards to evidentiary matters and rulings under the Due Process Clause, this court cannot say that Petitioner's due process rights were violated by the prosecutor's introduction of the

7

testimony of Maurice Wincher as a rebuttal witness. *Seymour*, 224 F. 3d at 552.

Petitioner's related ineffective assistance of counsel claim must be rejected. The Michigan Court of Appeals concluded that it was proper under Michigan law to allow Wincher to testify as a rebuttal witness. This court is required to defer to a state court's interpretation of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Because the Michigan Court of Appeals concluded that it was proper under Michgan law to call Wincher as a rebuttal witness, and this court must defer to that court's interpretation of state law, Petitioner is unable to establish that counsel was ineffective for failing to object to the admission of Wincher's testimony. *See Adams v. Smith,* 280 F. Supp.2d 704, 721 (E.D. Mich. 2003).

### C. Prosecutorial Misconduct

Petitioner last contends that he was deprived of a fair trial by prosecutorial misconduct. Petitioner further contends that counsel was ineffective for failing to object to the prosecutor's comments.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993). In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the

8

jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

Petitioner claims that the prosecutor denigrated defense counsel in her closing argument. Although Petitioner does not specify the prosecutor's comments in his petition, in the appellate court brief filed on his behalf before the Michigan Court of Appeals, Petitioner pointed to several comments made by the prosecutor in her rebuttal argument which he claimed disparaged defense counsel.[5] Petitioner's primary complaint is that the prosecutor accused defense counsel of creating "smoke screens." The prosecutor further noted that defense counsel "eased off of" questioning a police officer about a certain issue, because he [counsel] thought that he would get the officer to say something different than the officer actually testified to. Later, the prosecutor commented that counsel could not "corner" a police officer into "saying exactly what he wanted to say." Later, the prosecutor commented that defense counsel wanted to leave certain testimony by the officer "a little vague because he wants you to question how the shooting happened." Finally, the prosecutor accused defense counsel of "talking out of both sides of his mouth and he's grasping at straws."[6]

The Michigan Court of Appeals rejected Petitioner's claims, finding that when viewed in context, the prosecutor's remarks did not personally attack defense counsel, but were made in response to defense counsel's arguments, essentially arguing that counsel's arguments were not supported by the evidence. *Plair,* Slip. Op. at * 4.

---

[5] *See* Appellant's Brief on Appeal at 33-40 [Dkt. # 12-10, 12-11].

[6] *See* 6/22/2004 Transcript at 32-35.

The Sixth Circuit has held that "[a] prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not overly excessive or do not impair the search for the truth." *Brown v. McKee,* 231 Fed. App'x. 469, 480 (6th Cir. 2007) (*quoting United States v. August*, 984 F.2d 705, 715 (6th Cir. 1992)). Thus, a prosecutor's isolated comments in closing argument that the defense was attempting to trick the jury is not an improper disparagement of defense counsel. *Id.* Likewise, the prosecutor's use of the term "smoke screens" was not an improper attack upon defense counsel, but was simply a remark upon the merits of Petitioner's case. *U.S. v. Graham,* 125 Fed. App'x. 624, 634-35 (6th Cir. 2005).

Petitioner is not entitled to habeas relief on his claim that the prosecutor improperly denigrated defense counsel, because even if the prosecutor's comments about Petitioner's defense were improper, they were not flagrant enough to justify habeas relief. *See Henley v. Cason,* 154 Fed. App'x 445, 447 (6th Cir. 2005). The prosecutor's sarcastic comments were not so incendiary so as to inflame the jury's passion or distract them from determining Petitioner's guilt or innocence. *See Davis v. Burt,* 100 Fed. App'x. 340, 348 (6th Cir. 2004). Finally, the prosecutor's remarks were brief and fairly isolated and were part of a larger argument, which was transcribed on thirty-nine pages, that focused on the evidence in the case. (6/21/2004 Transcript at 150-167; 6/22/2004 Transcript at 23-43.) The trial court instructed the jury both before the opening arguments and after closing arguments that the lawyers' arguments were not evidence. (6/15/2004 Transcript at 109; 6/22/2004 Transcript at 47.) The prosecutor's remarks were relatively isolated, were not extensive, and were only a

10

small part of a closing argument that focused heavily on summarizing the evidence presented at trial. *Byrd v. Collins*, 209 F. 3d 486, 532 (6th Cir. 2000). When combined with the instruction from the trial judge that the attorneys' arguments, questions, and statements were not evidence, the prosecutor's comments did not render the entire trial fundamentally unfair. *Id.* at 533.

Petitioner cannot likewise show that counsel was ineffective for failing to object to the prosecutor's closing argument, in light of the fact that the Michigan Court of Appeals found on direct appeal that the remarks were not improper. *See Finkes v. Timmerman-Cooper,* 159 Fed. App'x. 604, 611 (6th Cir. 2005)*; Campbell v. United States,* 266 F. Supp. 2d 587, 589-90 (E.D. Mich. 2003)*.*

### D. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to dismiss the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901 (quoting *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *rev'd in part on other grounds,* 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA).

A certificate of appealability may be issued "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be granted.

## IV. CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


                    S/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated: February 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 14, 2008, by electronic and/or ordinary mail.

                    S/Lisa Wagner
                    Case Manager and Deputy Clerk
                    (313) 234-5522